2014 UT App 129

**STATE of Utah, in the interest of I.L., a person under eighteen years of age.**

**T.N., Appellant,**

v.

**State of Utah, Appellee.**

No. 20140331–CA.

Court of Appeals of Utah.

June 12, 2014.

Brent Salazar–Hall, Cottonwood Heights, Attorney for Appellant.

Sean D. Reyes and John M. Peterson, Salt Lake City, Attorneys for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges GREGORY K. ORME and MICHELE M. CHRISTIANSEN, and Senior Judge PAMELA T. GREENWOOD.[1]

PER CURIAM:

¶ 1 T.N. (Mother) appeals the termination of her parental rights. She asserts that there was insufficient evidence to support the grounds for terminating her parental rights and the determination that it was in the best interest of the child to terminate her parental rights.

¶ 2 "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.' " *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erro-

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

neous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a " 'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judge's 'special training, experience and interest in this field.' " *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

■ ¶ 3 Mother asserts that there was insufficient evidence to support the determination that she was an unfit parent. We disagree. The evidence in the record supports the juvenile court's determination. The unchallenged findings demonstrate that Mother has significant, long-term mental health issues that resulted in her losing her parental rights to five other children and are unlikely to be resolved. Further, these mental health issues "severely impair her ability to adequately parent" and limit "her ability to learn new parenting skills." Thus, Mother's mental health issues render her unable to care for the immediate needs of her child. *See* Utah Code Ann. § 78A–6–508(2)(a) (LexisNexis 2012). Further, Mother is currently incarcerated and awaiting trial after being charged with the murder of I.L.'s father. Thus, at the time of the termination proceeding, I.L. had already been deprived of a normal home for six months, and trial had yet to be scheduled. *Cf. id.* § 78A–6–508(2)(e). Under the totality of circumstances, the juvenile court correctly determined that Mother was unfit.

■ ¶ 4 Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the best interest of I.L. to terminate Mother's parental rights. As stated above, due to Mother's mental health issues and her incarceration related to the alleged murder of I.L.'s father, Mother is not in a position to parent I.L., now or in the foreseeable future, and it is unknown if and when she would be able to parent I.L. On the other hand, I.L.'s foster parents love her, provide for her needs, have established a bond with her, and wish to adopt her. Further, the juvenile court found that I.L. "would benefit from the stability and permanency an adoption would bring." Thus, the record supports the juvenile court's determination that it is in I.L.'s best interest to terminate Mother's parental rights.

¶ 5 Affirmed.